UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFONSO VERGARA, on behalf of himself, and all other similarly situated plaintiffs known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> CLARENCE DAVIDS AND COMPANY and WILLIAM J. DAVIDS, <br><br> Defendants. | Case No. 12-CV-7245 <br><br> Judge John W. Darrah |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff, Alfonso Vergara ("Vergara"), on behalf of himself and others similarly situated, has brought this action against Defendants, Clarence Davids and Company and William J. Davids, individually ("Defendants"), for wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.; the Portal-to-Portal Act ("Portal Act"), 29 U.S.C. §259; the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, et seq.; and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, et seq. The parties jointly have successfully moved for conditional certification of a collective action. Vergara now moves for approval of a modified notice and consent to amend the agreed upon conditional certification and for leave to file additional consents and join party plaintiffs. Defendants oppose Vergara's Motion. For the reasons stated below, Vergara's Motion is granted.[1]

---

[1] A briefing schedule was set, however, Vergara added new, relevant documents to his reply. The Court granted Defendants leave to file a surreply, which Defendants did. The Court has considered all briefs.

## BACKGROUND

Vergara is a past maintenance laborer for Defendants' landscaping company. (Compl. ¶ 5.) Vergara alleges he was paid on a "salaried" basis[2] but was due wages under the FLSA as a non-exempt employee. (Compl. ¶ 16.) Although they do not agree that relief is owed Vergara, Defendants assert that, during his employment, Vergara was "classified and compensated" as a non-exempt employee. (Answer ¶ 16.) Based on Vergara's pay status and title, the parties negotiated the contents of a notice to be sent to former and current "salaried landscaping worker[s]." (Dkt. No. 28, Ex. A.) The notice was approved and the motion to begin notice was granted on May 7, 2013. (Dkt. No. 31.) It is unclear whether Vergara ever issued this notice to a prospective plaintiff.

On or about June 23, 2013, Vergara's counsel emailed Defendants' counsel, stating that he was considering including hourly workers in the notice. (Dkt. No. 43, Ex. 7.) Defendants' counsel expressed concern over the differences between the originally negotiated class and the class being proposed. (*Id.* Ex. 10.) When no agreement could be reached, Vergara filed the instant Motion.

## LEGAL STANDARD

Unless exempted by statute, the FLSA requires all employees to be paid one and one-half times their normal rate for every hour worked over forty. 29 U.S.C. §207(a)(1). If an employer is alleged to have violated the overtime provision, affected employees may bring action on behalf of themselves, or a "collective action" along with others "similarly situated." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010)

---

[2] Vergara consistently refers to his former status with Defendant as "salaried," but there is no indication within the pleadings of what exactly this quoted term means.

(citing 29 U.S.C §216(b)). Collective actions differ from class actions, pursuant to Federal Rule of Civil Procedure 23, in that "the class member must opt in to be bound, while in [class actions] he must opt out not to be bound." *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). This difference makes the notice phase of collective actions particularly important, as the failure to opt in results in exclusion. As a result, when the collective option is exercised, the district courts are afforded broad discretion in its administration. *Alvarez*, 605 F.3d at 449.

Courts within this circuit have adopted a two-step process when considering collective actions. *See, e.g., Tamas v. Family Video Movie Club*, No. 11 C 1024, 2013 WL 4080649, at *2 (N.D. Ill. Aug. 13, 2013) (citations omitted); *Cramer v. Bank of America, N.A.*, No. 12 C 8681, 2013 WL 6507866, at *1 (N.D. Ill. Dec. 12, 2013); *Jenkins v. White Castle Management Co.*, No. 12 C 7273, 2013 WL 5663644, at *2 (N.D. Ill. Oct. 17, 2013). Step one requires a plaintiff to demonstrate that the proposed class comprises plaintiffs who are "similarly situated." *Jirak v. Abbott Laboratories, Inc.*, 566 F.Supp.2d 845, 848 (N.D. Ill. 2008) (citations omitted). Such a showing is meant to be a permissive bar, and calls only for some indication that the plaintiffs were injured by a common "decision, policy, or plan." *Id.* (quoting *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Step two comes after the class has been conditionally approved and noticed and discovery has occurred. This stage in the examination is more incisive, and the additional information may urge that certification be revoked, or the class divided. *Sylvester v. Wintrust*, No. 12 C 1899, 2013 WL 5433593, at *3 (N.D. Ill. Sept. 30, 2013) (citations omitted).

**ANALYSIS**

Defendants' primary argument is that the inclusion of hourly workers within the class would be improper because the two groups are not similarly situated. However, as Defendants recognize,[3] Vergara must make only a "modest factual showing" of such similarity. *Binissia v. ABM Indus., Inc*, No. 13 C 1230, 2014 WL 793111, at *3 (N.D. Ill. Feb. 26, 2014) (citations omitted). Indeed, rather than impermissibly relying on the allegations within his Complaint, *Id.*, Vergara has submitted several sworn declarations to support the proposition that the hourly employees are similarly situated. For example, named Plaintiff Alfonso Vergara, a salaried employee, asserts that his regular duties included unloading equipment from a company truck for approximately fifteen minutes a day, for which he was not paid. (A. Vergara Decl. ¶ 7.) Likewise, Ivan Vergara, an hourly employee, states that he was not paid for approximately fifteen minutes spent unloading equipment each day. (I. Vergara Decl. ¶¶ 8, 13.) Despite different titles, and any alleged difference between hourly and salaried workers, the potential plaintiffs sought to be noticed here were all allegedly harmed by the same pay policies implemented by the Defendants. As such, Vergara has satisfied the modest factual showing of similarity required for conditional certification.

Defendants also argue that including in the same class, salaried foremen and the hourly employees they supervised, results in an inherent conflict of interest. In support of this proposition, Defendants rely on *White v. Osmose, Inc.*, 204 F.Supp.2d 1309 (M.D. Ala. 2002), and *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350, 2009 WL

---

[3] (Defs.' Surrpely at 2.)

7311383 (S.D.N.Y. Nov. 13, 2009). This reliance is misplaced. In *White*, the plaintiff alleged, *inter alia*, that he was told by his supervisors to report fewer hours than he actually worked because of an incentive system whereby a foreman and his crew received higher hourly pay if the number of units produced per hour increased. *White*, 204 F.Supp.2d at 1314. In *Eng-Hatcher*, supervisors had discretion in determining when overtime was authorized. *Eng-Hatcher*, 2009 WL 7311383, at *4. These facts are substantially different from the allegations in the instant case. Although the foremen here were allegedly responsible for assigning specific tasks and ordering work, neither party has alleged any incentive for supervisors to misreport hours or encourage their crews to do so.

## CONCLUSION

As set forth above, Vergara's Motion for Leave to File Additional Consents and to Join as Party Plaintiffs and for Approval of Modified Notice and Consent [36] is granted.

Date: 4/30/2014

JOHN W. DARRAH
United States District Court Judge